**UNITED STATES ex rel. George WARD, Petitioner,**

v.

**Hon. John DEEGAN, Warden of Auburn State Prison, Auburn, New York, Respondent.**

No. 69 Civ. 5543.

United States District Court,
S. D. New York.

March 10, 1970.

George Ward, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, by John G. Proudfit, Asst. Atty. Gen., for respondent.

## OPINION

TYLER, District Judge.

Petitioner Ward pled guilty to murder in the second degree in the Supreme Court, Bronx County, on April 3, 1964. He now petitions this court for a writ of habeas corpus presenting three grounds for the granting of the petition: (1) he was provided with ineffective assistance of counsel; (2) he did not enter his plea voluntarily, his reluctance was manifest to the judge who took the plea and that therefore the plea was invalid; and (3) the judge taking the plea did not ask him sufficient questions to determine whether or not the plea was voluntary.

A post-conviction hearing was held on July 19, 20, 21 and 22, 1966 in the Supreme Court, Bronx County. The major thrust of that hearing went to the question of the voluntariness of Ward's plea, but it did not cover the

question of effective assistance of counsel. In fact, petitioner's counsel at the hearing (not the same as that at the taking of the plea) had virtually all evidence and argument on the question of effective counsel excluded on the ground that it fell within the attorney-client privilege. (Minutes of Hearing at 71 and 154.) On petitioner's first argument, therefore, he has not exhausted his state remedies, and his petition to that extent is denied without prejudice to renewal following a determination in the state courts.

The second and third arguments were sufficiently dealt with in the state court to be raised on this petition. Petitioner here makes a two-pronged argument about the proceedings at his guilty plea. He contends that his behavior factually demonstrated that his plea was not voluntary and, further, that the judge failed to sufficiently protect his constitutional rights by neglecting to ask him questions which would have established whether or not the plea was voluntary.

The record of the plea shows that when first asked whether he wished to plead guilty, Ward failed or refused to answer. There was then a five minute recess, during which Ward consulted with his attorneys. Following the recess, petitioner stated, in answer to questions put by the judge, that he had consulted with his attorneys. The judge again asked whether he wanted to take the plea. The minutes then record the following interchange:

THE DEFENDANT: I'll take it.

THE COURT: What?

MR. CARNEY [defendant's counsel]: "I'll take it," he said.

THE COURT: All right, the plea is accepted.

(Minutes of Plea, Ind. No. 1468–63, at 5.)

At his post-conviction hearing in the state court, Ward testified that, "I said I'll take it in the manner that I didn't want to take it" (at 73). When asked if he had told the judge that he didn't want

to take the plea, he testified "No, I did not, I said not guilty in court, which the court did not hear me." (at 73). There was no other evidence on the behavior and demeanor of the petitioner at the taking of the plea. The judge presiding at the taking of the plea did not find that the demeanor and behavior of petitioner indicated an involuntary plea. At the post-conviction hearing, the petitioner produced no witnesses to corroborate his opposing interpretation of the events. Nor does the petitioner now allege further facts demonstrating the involuntary character of the plea beyond the claim of ineffective assistance of counsel dealt with above.

Without more, this is insufficient to overturn the guilty plea. In order to go beyond a record which may demonstrate natural reluctance and uneasiness but not involuntary behavior, the petitioner must present more persuasive and compelling testimony than his own unsupported interpretation of his state of mind. United States ex rel. Ross v. McMann, 409 F.2d 1016 (2d Cir. 1969). Difficult as it is to determine a man's state of mind, some indicia more objective than personal assertions must be presented in a case such as this. Any other result would spell an end to the finality of all guilty pleas. See United States v. Tateo, 214 F.Supp. 560, 565 (S.D.N.Y.1963). I deny petitioner's application for a writ of habeas corpus insofar as it is based on his second ground.

Finally, Ward argues that the judge was bound to question him further than he did in order to establish that the plea was voluntary. At the taking of the plea, the judge did make clear to Ward the factual basis of the indictment, describing to him in plain English the crime with which he was charged, the practical consequence of the plea—the possible prison term—was also spelled out to the defendant, and it was carefully established that defendant did have the advice of counsel. The court did not directly ask whether the plea was voluntary, nor did he spell out to Ward the rights and privileges he was foregoing

by pleading guilty: the privilege against self-incrimination, the right to jury trial and the right to confront his accusers. In the light of the far-reaching opinion of the Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969), it is clearly the duty of a state court judge taking a guilty plea to canvass with a defendant at least those consequences of his plea so that the voluntariness of the plea will be established on the record. 395 U.S. at 243, 89 S.Ct. 1709. In these circumstances the remaining problem of this case is to decide whether the doctrine of Boykin is to be applied retrospectively.[1]

The standards by which to decide whether newly enunciated constitutional requirements are to be applied only prospectively are laid out most pointedly in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and, for the purposes of the present case, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

> "The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." 388 U.S. at 297, 87 S.Ct. at 1970.

The Halliday case dealt with the application of the Stovall standards to the ruling, in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), that federal judges taking guilty pleas must strictly comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. Halliday describes the McCarthy rule as having two purposes:

> "(1) to insure that every defendant who pleads guilty is afforded Rule 11's procedural safeguards, which are designed to facilitate the determination of the voluntariness of his plea; (2) to provide a complete record at the time the plea is entered of the factors relevant to this determination, thereby facilitating a more expeditious disposition of a post-conviction attack on the plea." 394 U.S. at 832, 89 S.Ct. at 1499.

Though the opinion of the Court in Boykin does not put it in so many words, those appear to be purposes of the ruling in Boykin. The Supreme Court, 1968 Term, 83 Harv.L.Rev. 7, 183 (1969). In his dissent Mr. Justice Harlan made it clear that that was his understanding of the majority opinion. 395 U.S. at 245, 247, 89 S.Ct. 1709.

Admittedly, the Boykin opinion passes beyond the limited holding in McCarthy and raises to the level of constitutional significance what had been treated in the earlier federal case as an interpretation of the Federal Rules of Criminal Procedure. Nevertheless, the considerations that came into play in Halliday when the ruling in McCarthy was tested against the standards of Stovall should still apply.[2] Johnson v. New Jersey, 384 U.S. 719, 728, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). After weighing and balancing, the Court decided to apply McCarthy only prospectively. The reasoning of Halliday appears to me both correct and extremely close to the case at hand. Here as there, the petitioner who can factually show an involuntary guilty plea may still gain relief. United States ex rel. Ross v. McMann, 409 F.2d 1016 (2d Cir. 1969). The infection of the truth-determining process is just what it was in Halliday.

---

1. The petitioner was denied a writ of habeas corpus by Judge Palmieri when he argued that coercion by government agents had induced him to plead guilty involuntarily. United States ex rel. Ward v. McMann, 69 Civ. 2983 (S.D. N.Y. Oct. 1, 1969). Petitioner does not press those contentions on his present application.

2. It makes no difference that the present action is brought on habeas corpus rather than on appeal as Boykin was. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

394 U.S. at 833, 89 S.Ct. 1498. Reliance by the states on the conclusiveness of guilty pleas not factually shown to be involuntary must have been, if anything, greater than federal district court reliance on the improper application of Rule 11 condemned in *McCarthy; Boykin* clearly moved beyond prior decisions. 83 Harv.L.Rev. at 181 (1969). The state conviction rate on guilty pleas is at least as high as the federal rate. *E.g.* United States ex rel. Ross v. McMann, 409 F.2d 1016, 1031 (2d Cir. 1969). In light of the reasoning in *Halliday*, I deem it correct to apply the requirements of Boykin v. Alabama, *supra,* only to cases in which the plea was taken after June 2, 1969, the date of the decision in *Boykin.*[3] A petitioner may, of course, challenge his plea if he can present factual evidence of its involuntary character, United States ex rel. Ross v. McMann, *supra.* This plea came too early to be vacated solely on the ground that the procedure followed by the court in taking the plea was in violation of the due process clause of the Fourteenth Amendment.

Petitioner's application is denied in all respects. It is so ordered.

---

**3.** A similar result has been reached by the District Court for the Eastern District of Pennsylvania. United States ex rel. Wiggins v. Pennsylvania, 302 F.Supp. 845 (E.D.Pa.1969).