**Coley LEWIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1971.

Coley Lewis, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

GARDNER, Commissioner.

This is an appeal from an order dismissing without a hearing a motion under RCr 11.42 to vacate judgments of conviction. Appellant was convicted on three counts of rape, two counts of robbery, and four counts of burglary.

Appellant presents numerous grounds for vacating the judgments, none of which we believe is meritorious. There are two grounds however that call for discussion. Appellant asserts that he did not personally plead guilty but that his counsel entered the plea for him. In his words:

"* * * the Judge of Jefferson Circuit Court accepted a Guilty Plea from the Attorney when I kept shaking my head in a negative manner, indicating No! to the guilty plea."

This contention is refuted by the judgments of conviction which recite that defendant, in person and by counsel, withdrew his former plea of not guilty and pleaded guilty to the charges. The judgments are in part as follows:

"AT A COURT HELD OCTOBER 27, 1965

This day the defendant was brought into Court by the Sheriff, comes his attorney, S. Lyons. The defendant in person and by counsel withdrew his former plea of not guilty and now pleads that he is guilty as charged in count one of #130374, counts one and two of #130375, counts one and two of #130376, count one of #130377 and counts one and two of #130378 as

charged herein. By consent, the law and facts of these cases were presented to the Court without the intervention of a jury. The court being advised, on the recommendation of the Commonwealth's attorney and agreed to by the defendant in person and by counsel, finds the defendant guilty as charged in all counts herein and fixes his punishment at confinement in the penitentiary for a term of ten years on each of the aforementioned counts herein and a term of seven years on count two of #130378, all of which are to run consecutively one after the other, beginning with count one of #130374. Comes the defendant in person and by counsel and moves the court to withhold the rendition of the judgment as to counts one and two of indictment #130378 herein and the court being advised, sustains said motion on condition of the defendant's good behavior and his refraining from any trouble for the period of five years after his release on #'s 130374, 130375, 130376, 130377. The defendant being informed of the nature of the indictments, pleas and verdicts herein, was asked if he had any legal cause to show why judgment should not be pronounced against him, none being shown, it is adjudged that he be taken by the Sheriff of Jefferson Co. to the jail of Jefferson Co. and from there by the Sheriff of said Co. to the State Penitentiary at LaGrange, Ky. and there confined at hard labor for a period of ten years on count one of #130374, ten years on counts one and two of #130375 each, ten years on counts one and two of #130376 each, and ten years on count one of #130377, all of which are to run consecutively one after the other beginning with count one of #130374. Ordered that the defendant be and is remanded to jail."

*  *  *  *  *  *

"AT A COURT HELD OCTOBER 27, 1965

This day the defendant was brought into Court by the Sheriff, comes his at-torney, S. Lyons. The defendant in person and by counsel withdrew his former plea of not guilty and now pleads that he is guilty of counts, two of #130374, count three of #130376 and count two of #130377 as charged herein. * * *"

*  *  *  *  *  *

" * * * The defendant being informed of the nature of the indictments, pleas and verdicts herein was asked if he had any legal cause to show why judgment should not be pronounced against him, none being shown, it is adjudged * * *."

█ The Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), declared that the record must affirmatively show the plea was voluntarily and understandingly entered in order to uphold the conviction. We do not believe Boykin controls the present case however, which was tried in 1965, four years prior to Boykin. At least four federal circuit courts have held that the rule announced in Boykin is not entitled to retroactive effect. See United States ex rel. Rogers v. Adams, 435 F.2d 1372 (2nd Cir. 1970), United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3rd Cir. 1969), United States ex rel. Ward v. Deegan, 310 F.Supp. 1076 (S.D.N.Y.1970), and United States ex rel. Wiggins v. Commonwealth, 302 F.Supp. 845 (E.D.Pa. 1969). This is not to say that an involuntary plea will be upheld; only that in cases tried prior to 1969 the record need not disclose affirmatively that the plea was voluntarily and understandingly made.

Section 8.08 of the Kentucky Rules of Criminal Procedure provides in part:

" * * * The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. * * *"

Copies of the judgments of conviction, copied in part, supra, are before us on the

appeal. They disclose that appellant was represented by counsel, that appellant *in person* and by counsel *withdrew his former plea of not guilty,* and pleaded guilty. The judgment relative to the burglary and robbery charges recites that appellant *in person* and by counsel agreed on the punishment. The judgment recites that appellant *in person* and by counsel moved for probation. The judgment discloses that defendant again was informed of the nature of the indictments, pleas and verdicts, and was asked if he had any legal cause to show why judgment should not be pronounced against him, and that he had none. All of this was done in open court. Similar proceedings were held relative to the charges of rape, the only difference being that on the latter charges a jury was impaneled and rendered the verdict rather than the court fixing the amount of punishment.

 During all of these proceedings the court had ample opportunity to observe appellant to determine if there was any reluctance, misunderstanding or involuntariness on his part. We believe the recorded proceedings sufficiently disclose that the pleas were entered voluntarily and with an understanding of the nature of the charges.

■ The other ground on which appellant relies, which perhaps merits discussion, is that of inadequacy of counsel. His allegations are mere conclusions. He retained his own counsel. He talked with his attorney on several occasions, although he says the interviews were brief and they did not go into the facts of the case thoroughly. He does not state that the attorney refused to talk with him or did not understand the facts. It is noted that the same attorney was representing others charged with the same offenses. We cannot assume that the attorney did not know what the facts were. Appellant, more than anyone else, knew what he had done. In the absence of an allegation that his desire to communicate with his attorney was frustrated either because the attorney was not available or refused to talk to him, we will not say appellant was entitled to an evidentiary hearing because of inadequate representation of counsel. The brief interviews appellant had with his counsel could well be adequate under the circumstances. Perhaps this was a case where an experienced attorney could determine in a very short while it was best for his client to plead guilty. Appellant was faced with three charges for which he could be given the death penalty. We are not saying, of course, that the attorney did offer the best advice. That is not our prerogative. We are simply deciding that the allegations of appellant's petition are not sufficient to require an evidentiary hearing.

The judgment is affirmed.

All concur.