**Alfred J. BISHOP**

v.

**John F. SHARKEY, Warden of the Rhode Island State Adult Correctional Institution.**

**Civ. A. No. 4181.**

United States District Court

D. Rhode Island.

Nov. 26, 1969.

John A. Varone, Providence, R. I., for plaintiff.

Herbert F. DeSimone, Atty. Gen. State of Rhode Island, and Donald P. Ryan, Asst. Atty. Gen. State of Rhode Island, Providence, R. I., for defendant.

OPINION

PETTINE, District Judge.

This is a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The petitioner is presently incarcerated under the control of the defendant warden pursuant to a judgment of the Rhode Island state courts. The court accepts as true the petitioner's factual allegations. There is no question that the petitioner has exhausted available state remedies.

The case has a long history which is as follows.

On June 13, 1963, petitioner pleaded nolo contendere to indictment no. 2106, which charged him with breaking and entering, and on June 28, 1963, petitioner was sentenced to a term of one year at the Adult Correctional Institution. Petitioner served the sentence. On October 7, 1965, petitioner pleaded nolo contendere to indictment no. 2457, which charged him with the possession of a firearm after conviction of a crime of violence,[1] and on October 21, 1965 sentence was deferred on that plea. On December 4, 1967, petitioner was again indicted for breaking and entering. That indictment, which is indictment no. 2888, is still pending in the Rhode Island Superior Court. On March 11, 1968, petitioner was found to have violated the terms of the sentence in indictment no. 2457, which had been deferred on October 21, 1965, and was sentenced to a term of five years, which he is now serving. On September 18, 1968, a hearing was held in Rhode Island Superior Court on petitioner's request for a writ of error coram nobis, in which he sought to and did establish that in 1963, when he pleaded nolo to indictment no. 2106 and was sentenced to one year, he did not make a knowing and understandingly clear waiver of those constitutional rights which properly belong to all citizens charged with crime. The Superior Court, however, denied and dismissed the petition for the reason that, because the one year sentence in indictment no. 2106 had been served, the issues presented

1. The General Laws of Rhode Island, 1956 § 11–47–5, which makes it an offense for anyone who has been convicted of a crime of violence to be thereafter in possession of a firearm, reads as follows: "No person who has been convicted in this state or elsewhere of a crime of violence or who is a fugitive from justice shall purchase, own, carry, transport or have in his possession or under his control any firearm."

were moot. Petitioner thereupon requested habeas corpus relief from the Rhode Island Supreme Court contending that habeas corpus was the appropriate remedy, that the 1963 conviction in indictment no. 2106 was null and void because of the unknowing waiver of constitutional rights, and that therefore the 1965 conviction in indictment no. 2457, which rested, by statutory definition,[2] on the 1963 conviction, was likewise null and void. He further argued, of course, that the ruling of the Superior Court on the mootness issue was erroneous. The Rhode Island Supreme Court *sub silentio* acknowledged that habeas corpus was the appropriate remedy, assumed that the court below erred on the issue of mootness,[3] conceded the fact that the petitioner had made an unknowing waiver of his constitutional rights in 1963, but held that the rule of law adopted by it in Cole v. Langlois, 99 R.I. 138, 206 A.2d 216 (1965) regarding the rights of an accused prior to plea would be applied only to Cole and to all those defendants who pleaded after January 13, 1965, the effective date of the *Cole* decision. The Rhode Island Supreme Court therefore concluded that petitioner's conviction in 1963 was not null and void and denied the requested habeas corpus relief. Bishop v. Langlois, R.I., 256 A.2d 20 (July 16, 1969). Rehearing was denied on July 31, 1969. On September 10, 1969 the instant action was commenced in this court.

The court having conceded the facts to be as petitioner claims them to be, there is no need for a hearing, and the hearing date is hereby vacated.

The decision of the Rhode Island Supreme Court in Bishop v. Langlois, R. I., 256 A.2d 20 (July 16, 1969) is accepted by this court as a careful and complete consideration of the constitutional issues here presented. If there be any doubt, this court now holds that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) is not retrospective, except in so far as it concerns the accused in that case. See Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). *Boykin* should govern only those pleas entered subsequent to June 2, 1969. See Bishop v. Langlois, supra, 256 A.2d at 24–25.

The requested relief is denied, and the petition is dismissed.

---

2. See n. 1, *supra.*

3. That assumption was, no doubt, correct. See Sibron v. New York, 392 U.S. 40, 50–58, 88 S.Ct. 1889, 1912, 20 L.Ed.2d 917 (1968).