231 So.2d 365

**STATE of Louisiana**

**v.**

**William Patrick RYAN.**

**No. 49804.**

Jan. 20, 1970.

Rehearing Denied Feb. 25, 1970.

Robert J. Zibilich, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

HAMLIN, Justice:

By bill of information filed April 27, 1965, defendant was charged: (a) with the theft of a 1964 Chevrolet Automobile of the value of $3,200.00, belonging to Freddie Joliboix; and, (b) with the illegal and intentional procurement, receipt, and concealment of a 1964 Chevrolet Automobile of the value of $3,200.00, belonging to Freddie Joliboix. LSA–R.S. 14:67 and 14: 69.

After continuances and forfeiture of bond the trial court appointed counsel to represent the defendant, who had previous-ly been represented by counsel of his own choice. Defendant's jury trial was held on February 13, 1967, and he was found guilty of possession of property of $3,000.00 value. On March 17, 1967, at the request of the defendant, the trial court replaced trial counsel with other counsel. On May 19, 1967, defendant as a multiple offender was sentenced to serve fifteen years at hard labor in the Louisiana State Penitentiary.

No appeal was taken; defendant thereafter applied to the United States District Court, Eastern District of Louisiana, New Orleans Division, for a writ of habeas corpus on the sole point of his right to have his trial and conviction in the Criminal District Court for the Parish of Orleans reviewed on appeal with court appointed counsel. The Federal Court ordered "that the Criminal District Court for the Parish of Orleans appoint appellate counsel for the indigent William Patrick Ryan and provide a full and free transcript of the applicant's case and the applicant shall be given time to perfect his appeal to the Supreme Court of Louisiana."

The same counsel who represented defendant at the federal evidentiary hearing represents defendant in this Court. He lodged the appeal herein and presents for our disposition one bill of exceptions.

BILL OF EXCEPTIONS NO. 1

Bill of Exceptions No. 1 was reserved at the end of the hearing of evidence·

when the trial court overruled defendant's objection to the offering in evidence of S–3, a small envelope, identification tag, and three chrome lug nuts.

The evidence attached to the instant bill reflects in substance that on the evening of April 3, 1965, at about eight o'clock, Freddie James Joliboix parked his 1964 Chevrolet on a side street just off of Tulane Avenue, New Orleans, Louisiana, and then entered the Cinerama Theatre on Tulane Avenue. During the time that Joliboix was in the theatre, his car was stolen and removed to Cleveland Avenue, New Orleans, Louisiana, across the street from a convent at 3235 Cleveland Avenue. At approximately 11:30 P.M. Sister Mary Bauer, in residence at the convent, was awakened "by people working on a car out in front." From her third floor window, she watched two young men roll tires across the street and drive off with them. She said she was awakened a second time when the two men came back and started working again. She said that for more than an hour she observed the two men, one wearing a striped shirt, working on the victim's car. The police were summoned by a passerby who became suspicious of the men's actions, but when they arrived one of the men had fled. Sister Mary Bauer and another nun had descended to the first floor and were standing at their front door, and Sister Mary Bauer identified the defendant as the man who had removed the tires from the victim's car; the identification was made by the striped shirt and not by facial identity.

Defendant was walking abreast of Joliboix's automobile when he was arrested by Sergeant John H. Hughes. After arrest, Sergeant Hughes frisked defendant, patted him for weapons, and then felt three hard objects in the left hip pocket of his trousers; he then reached in the pocket and removed three automobile wheel lug nuts. Sergeant Hughes testified that at the time of arrest, defendant's hands were dirty.

Joliboix came out of the theatre at about midnight and discovered the theft of his car which he reported to the police. He was later summoned to Cleveland Avenue where he identified his automobile, and his testimony affirms that of the other witnesses as to the condition of the car. He testified that the lugs offered in evidence were similar to those that had been on his automobile.

Sergeant Charles A. Dodds testified that he removed a chrome lug from the right rear of the jacked up vehicle. Testimony at trial was to the effect that this lug was similar to those removed from defendant's pocket at the time of his arrest.

Trial counsel for the defendant objected to the introduction in evidence of the lugs, S–3, because they were taken from defendant's person without a search warrant and without probable or reasonable cause.

Herein, counsel urges that it is too clearly established to require citation that evidence obtained as a result of an illegal search and seizure is not properly introduced into evidence.

■ Under the facts, supra, we find that defendant was legally arrested. The arresting officer had reasonable and probable cause under such facts to believe that the defendant had committed the instant offense, although it was not committed in his presence, and arrest him during the very early hours of April 4, 1965. Art. 213, West's LSA–C.Cr.P. See, State v. Pagnotta, 253 La. 770, 220 So.2d 69; State v. Devenow, 253 La. 796, 220 So.2d 78; State v. Bourg, 248 La. 844, 182 So.2d 510; State v. Pickens, 245 La. 680, 160 So.2d 577.

Under the rule of the United States Supreme Court in Terry v. State of Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, we find that having made a legal arrest Sergeant Hughes had a right to frisk the defendant. As a result of the frisking, he felt hard objects in defendant's trouser pocket. These circumstances coupled with the fact of arrest gave Sergeant Hughes the right to simultaneously search defendant's person and seize the lug nuts found in his trouser pocket. Cf. Sibron v. State of New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917;

Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. No constitutional rights of the defendant were violated, and S–3, supra, was properly admitted in evidence.

■ No objection was made by defense counsel when the State exhibited the lug nuts to the witnesses; no initial motion to suppress was filed by the defendant; objection to S–3 was delayed until the end of testimony. In the recent case of State v. Wallace, 254 La. 477, 224 So.2d 461, this Court stated:

> "When a motion to suppress is untimely, objection to the admissibility of tangible evidence based on an infirmity in a search or seizure is waived. Art. 703, C.Cr.P., Comment (d); * * *"

In addition to our finding that S–3 was admissible in evidence, supra, we also find the Wallace Case an additional ground for holding that the seized lug nuts were admissible in evidence.

Bill of Exceptions No. 1 is without merit.

For the reasons assigned, the conviction and sentence are affirmed.

SUMMERS, J., is of the opinion defendant should be represented by counsel on this application for rehearing.