**William P. RYAN**

v.

**STATE OF LOUISIANA, C. Murray Henderson, Warden, Louisiana State Penitentiary.**

**Misc. No. 1017.**

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

June 30, 1970.

William P. Ryan, in pro. per.

Jack E. Yelverton, Asst. Atty. Gen., Baton Rouge, La., John Volz, Michael L. Karmazin, Asst. Dist. Attys., Parish of Orleans, New Orleans, La., for respondent.

WEST, Chief Judge:

This matter comes before the Court on petitioner's application for a writ of habeas corpus. On May 19, 1967, before the Criminal District Court for Orleans Parish (County), Louisiana, William P. Ryan, the petitioner herein, was sentenced under the Louisiana Multiple Offender statute, LSA–R.S. 15:529.1, to confinement at hard labor in the Louisiana State Penitentiary at Angola, Louisiana for a term of fifteen years. For a short time thereafter, while awaiting removal by the state authorities to the confinement facilities at Angola, Ryan was temporarily housed in the Orleans Parish Jail and, on May 23, 1967, was reposing in that institution in the lawful custody of the Criminal Sheriff of Orleans Parish. On that date Ryan and two fellow prisoners somehow managed to secure a short piece of crowbar and by surreptitiously employing that instrument they were able to pry open a small trapdoor in the roof of the jail through which aperture all three prisoners made good an escape from custody. Their determined grab for freedom was foredoomed from the start. Some six to eight hours later Ryan and his two associates were apprehended while driving a stolen truck near the town of Slidell, Louisiana, and all three were promptly returned to the Orleans Parish Jail from whence they had so lately departed. As the not unexpected consequence of these misadventures the District Attorney for Orleans Parish charged petitioner with the offenses of Aggravated Escape under provisions of LSA–R.S. 14:109 and Theft under provisions of LSA–R.S. 14:67. On August 18, 1967, the petitioner, accompanied by and in the presence of his court-appointed counsel, Mr. Lyall Shiell, Esquire, of New Orleans, Louisiana, was taken once again before the Criminal District Court for Orleans Parish at which time he entered a plea of guilty to both of the above-mentioned offenses. Thereafter he was sentenced by that court to confinement at hard labor for a term of five years for Aggravated Escape and for a term of two years for Theft, the former sentence to be served consecutively and the latter concurrently with his previously adjudged fifteen year sentence as a multiple offender.

Petitioner has now completed serving his two year sentence for Theft and seeks here to challenge by way of federal habeas corpus only the validity of his five year sentence for Aggravated Escape. He mounts a tripartite attack on his conviction and sentence for that offense alleging; (1) that at the time he entered his plea of guilty he had been afforded ineffective assistance of counsel by Mr. Shiell, (2) that his plea of guilty had been coerced by an assistant district attorney, and (3) that he had been previously punished for the same offense by being confined to "the hole" for a period of sixty days immediately following his recapture.

■ The threshold question in all federal habeas corpus cases is whether or not the federal habeas applicant has first exhausted his available state court remedies before turning to the federal courts to seek relief. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Milton v. Wainwright, 396 F.2d 214 (5th Cir.1968); Boyer v. City of Orlando, 402 F.2d 966 (5th Cir.1968). The record in this case amply reflects that petitioner has been more than diligent in pursuing, albeit unsuccessfully, all available state remedies. He has prepared and forwarded five petitions to the Criminal District Court for Orleans Parish and five more petitions to the Supreme Court of Louisiana seeking in each a writ of habeas corpus and urging in each substantially the same grounds for relief that are now before this Court. All ten petitions have been denied without written opinion. See, for example, Ryan v. State, 252 La.

690, 212 So.2d 430 (1968) ; 252 La. 700, 212 So.2d 851 (1968) ; 253 La. 63, 216 So.2d 308 (1968) ; 253 La. 882, 220 So.2d 461 (1969). This Court finds, of course, that petitioner has exhausted all of his available state remedies tenfold and there is no doubt whatsoever that the merits of his claims are properly before us for decision.

Petitioner's application for federal habeas corpus was filed on January 28, 1969, and on March 11, 1969, this Court first had an opportunity to consider each of his claims in detail, at which time, without holding an evidentiary hearing, we denied petitioner's application on the basis that his plea of guilty acted as a waiver of all real or imaginary non-jurisdictional defects in all earlier proceedings had against him. On appeal to the United States Court of Appeals for the Fifth Circuit that decision was reversed and remanded back to this Court for an evidentiary hearing on the question of whether or not petitioner pleaded guilty because he was, in fact, guilty or because the alleged non-jurisdictional defects of which he complains herein so motivated or overrode his will that his plea of guilty could not, under any circumstances, be considered freely and voluntarily given. Ryan v. State of Louisiana, 418 F.2d 560 (5th Cir.1969). After conducting a thorough evidentiary hearing in this matter on January 15, 1970, and on further reviewing the record of the state court proceedings had against petitioner, this Court now concludes that petitioner's claims are totally lacking in merit and, accordingly, for the reasons outlined hereafter his application for habeas corpus will once again be denied.

Petitioner, an indigent, contends first that he was denied effective assistance of counsel because the attorney appointed to represent him by the state trial court; (1) did not share his [singular] opinion that he should have been charged with Simple rather than Aggravated Escape, (2) failed to present any motions to the state trial court on his behalf, and (3) was the same court-appointed attorney who had on a prior occasion represented him in a criminal jury trial which resulted in his conviction for possession of stolen property. This latter case on appeal is reported as State v. Ryan, 255 La. 398, 231 So.2d 365 (1970). The sole basis in fact offered to support each of these contentions is petitioner's own obviously self-serving testimony elicited during the course of the plenary hearing had before this Court on January 15, 1970. To contest each of these assertions the state called as a witness petitioner's former court-appointed attorney, Mr. Lyall Shiell, whose conduct at the time petitioner plead guilty is here called into question. Mr. Shiell was sworn and testified that he had been practicing law for some twenty-one years and had specialized exclusively in the practice of criminal law for the last seventeen years. He recalled representing petitioner on August 18, 1967, on charges of Aggravated Escape and Theft and testified further that in preparation therefor he had examined and considered at length the file maintained on the case in the Office of the District Attorney for Orleans Parish and that the evidence accumulated therein against petitioner convinced him that, in his considered judgment, nothing would be gained by proceeding to trial and putting the state to its proof. Suffice it to say that, according to Mr. Shiell's testimony, the case against petitioner seemed to him to be so open and shut that for that reason, and that reason only, prior to petitioner's arraignment he advised him that it would probably be in his best interest to consider pleading guilty to both offenses. After receiving this advice petitioner voluntarily elected to so plead and did, in fact, plead guilty as charged. At the plenary hearing had before this Court some two and one-half years later petitioner did not deny that he had, in fact, committed both of the offenses with which he had been charged and to which he had previously pleaded guilty after receiving advice from court-appointed counsel.

This Court feels constrained to point out that the maximum possible penalty which might have been imposed on petitioner for Aggravated Escape after a trial and conviction, had he elected to plead not guilty and gone to trial, or, as he did elect, after a plea of guilty, is confinement at hard labor for a term of ten years and any term of confinement so imposed cannot run concurrently with any other sentence. LSA–R.S. 14:109. The maximum possible penalty for the offense of Theft turns, in Louisiana, on the value of the thing taken. LSA–R.S. 14:67. For purposes of this application, if the value of the truck which petitioner pleaded guilty to stealing had exceeded the sum of $100.00 then he would have been subjected to a maximum possible penalty of confinement at hard labor for a term of ten years. LSA–R.S. 14:67. Instead, he was sentenced, as we have seen, to confinement at hard labor for a term of five years for Aggravated Escape and for a term of two years for Theft. Hence, it is obvious from even a cursory reading of the record in this case that petitioner ran the risk of fareing far worse at the hands of the state trial court that he actually did. This in itself, we believe, strongly militates against petitioner's suggestion that he was not effectively represented by counsel.

The Sixth Amendment standard with which a bare minimum performance of court-appointed counsel must comply, and we do not mean to characterize Mr. Shiell's performance as minimal, is discussed at length in Williams v. Beto, 354 F.2d 698 (5th Cir.1965). Cf. Langford v. State of Alabama, 422 F.2d 760 (5th Cir.1970); Federal Habeas Corpus—A Hindsight View of Trial Attorney Effectiveness, 27 La.L.Rev. 784 (1967). The general rule set out in *Williams* is "that relief from a final conviction on the ground of incompetent or ineffective counsel will be granted only when the trial was a farce, or a mockery of justice, or was shocking to the conscience of the reviewing court, or the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation." 354 F.2d at 704. And of course, despite petitioner's protestation to the contrary, "[t]he ability and faithfulness of an attorney is not to be judged by whether he won or lost the verdict." 354 F.2d at 705. Cf. Pineda v. Bailey, 340 F.2d 162 (5th Cir. 1965). Moreover, contrary to petitioner's contention that there were no motions presented to the trial court in his behalf, the record shows conclusively that his own handwritten motion to dismiss was presented by his attorney to the trial court even though his attorney testified before this Court that he felt that the motion lacked merit. The motion was, in fact, denied by the trial court. The absence of any further motions was explained by Mr. Shiell not as evidence of his ineffectiveness but rather that in his judgment there were no motions that could have been filed in good conscience. After carefully studying the record of the state court proceedings had against petitioner, this Court concludes that petitioner received the benefit of far more than just a bare minimum representation from his court-appointed counsel. The hard fact is simply that Mr. Shiell, an able attorney with a long record as a successful criminal practitioner, was charged in the ordinary course of the administration of criminal justice with the defense of a case for which there was no available defense. Petitioner's attack on the verdict and sentence for this reason is unfounded.

Petitioner's next claim that his plea of guilty was coerced by an assistant district attorney is equally unfounded. The assistant district attorney who handled the prosecution of petitioner's case before the state trial court, Mr. Michael L. Karmazin, Esquire, of New Orleans, Louisiana, was likewise called as a witness in the plenary hearing had before this Court on January 15, 1970, and flatly denied having ever coerced the petitioner or any other defendant into

pleading guilty to the offenses here in question or to any other offenses. He testified further that any conversation concerning possible sentences following petitioner's plea of guilty would have been conducted solely with his attorney, and under no circumstances with petitioner outside the presence of his attorney. We are as persuaded by Mr. Karmazin's testimony as we are unpersuaded by petitioner's testimony that there was absolutely no coercion involved in eliciting petitioner's plea of guilty.

■ Petitioner's third contention, which we treat as a double jeopardy argument, arises out of his joint punishment, if you will, by being placed in solitary confinement on his return to the parish jail for having escaped therefrom and then having to face subsequent criminal charges for the same offense. Such circumstances, however, do not rise to the level of double jeopardy prohibited by the 5th Amendment to the United States Constitution. Mullican v. United States, 252 F.2d 398, 70 A.L.R.2d 1217 (5th Cir.1958); Rush v. United States, 290 F.2d 709 (5th Cir. 1961); United States v. Apker, 419 F.2d 388 (9th Cir. 1969).

There is yet one further issue which is latent in the facts of this case and which is significant enough to compel us to raise and rule on it sua sponte. The minute entry found in the minutes of the Criminal District Court for Orleans Parish for August 18, 1967, which records the circumstances surrounding petitioner's plea of guilty reflects only the following:

> The deft. W. P. Ryan withdrew his former plea of not guilty & entered a plea of guilty as chg. Waiving all legal delays, the Court sentenced the deft. to serve a term of 5 yrs. at La. State Pen. which sentence is to run consecutively with any other sentence imposed.

The United States Supreme Court has recently held in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) that in those cases where a state court record does not include an affirmative showing that a plea of guilty entered by a state defendant was done so intelligently and voluntarily, there is, without more, a violation of the due process clause of the Fourteenth Amendment. This is so because a plea of guilty acts as a final waiver of at least three fundamental federal constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront accusers, and, thus, it is constitutionally impermissible to *presume* a waiver of such rights from a silent record. 89 S.Ct. at 1711–1712. In the federal judicial system, in similar but not identical fashion, Rule 11 of the Federal Rules of Criminal Procedure sets out in detail the precise procedure with which federal district judges must comply before accepting a federal defendant's proffered plea of guilty. Specifically, " * * * the court may refuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * " Rule 11, Federal Rules of Criminal Procedure. The failure of a federal court to adhere literally to the Rule 11 procedure entitles a federal defendant to an opportunity to plead anew. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The Supreme Court has squarely held also that *McCarthy* is not to be applied retroactively, that is, the opportunity to plead anew does not extend to federal defendants who plead guilty prior to April 2, 1969, without compliance with the provisions of Rule 11. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). On the other hand, the Supreme Court has not yet had an occasion to consider the possible retroactive application of *Boykin*. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 1468, fn. 4, 25 L.Ed.2d 747 (1970). Several lower federal courts have, however, expressly found

*Boykin not* to be retroactive, relying in the main on Halliday v. United States, supra, United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3rd Cir.1969); United States ex rel. Johnson v. Russell, 309 F.Supp. 125 (E.D.Penn.1970); United States ex rel. Beecham v. Rundle, 306 F.Supp. 904, 905 (E.D.Penn.1969); United States ex rel. Wiggins v. Commonwealth of Pennsylvania, 302 F.Supp. 845 (E.D.Penn.1969); Arbuckle v. Turner, 306 F.Supp. 825, 827 (D.Utah 1969); Bishop v. Sharkey, 306 F.Supp. 246 (D. Rhode Island 1969); Quillien v. Leeke, 303 F.Supp. 698 (D.S.C.1969).

This Court joins with the other federal courts noted above in holding that the decision in *Boykin* should not be accorded retroactive application on the basis of the decision in Halliday v. United States, supra. Accordingly, for these reasons, the petition of William P. Ryan for a writ of habeas corpus will be denied and judgment will be entered accordingly.