Robert P. DOMINGUEZ

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary.

Misc. No. 1096.

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

Sept. 15, 1970.

Aubrey L. Moore, Baton Rouge, La., for petitioner.

John P. Volz, Asst. Dist. Atty., Parish of Orleans, New Orleans, La., for respondent.

WEST, Chief Judge:

Petitioner, Robert P. Dominguez, seeks a writ of habeas corpus. He is presently incarcerated in Louisiana State Penitentiary serving three concurrent twenty-five year sentences for three charges of armed robbery. At his State Court appearances he was represented by John R. Simmons, Jr., Esq., Chief Counsel for the Criminal Division of the Legal Aid Bureau of New Orleans, Louisiana. Petitioner originally pleaded not guilty to the charges and thereafter, with advice of counsel, changed his plea to guilty. He now asserts as grounds for habeas corpus that (1) he did not have a jury trial, (2) he was denied the right to confront witnesses, (3) he was not examined by the trial judge when he changed his plea, and (4) he had inadequate counsel.

There is no merit to any of these contentions.

To begin with, a plea of guilty waives all non-jurisdictional defenses. Hence, if his guilty plea was knowingly, intentionally, and intelligently entered, with advice of competent counsel, his plea was voluntarily entered and his right to trial by jury and to confront witnesses were waived.

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) stands for the proposition that the waiver of important federal constitutional rights cannot be presumed from a silent record. But this Court has held, as have many other Courts, that *Boykin* is not to be applied retroactively. See Ryan v. State of Louisiana, 314 F.Supp. 1047 (E. D.La. 1970); Bishop v. Sharkey, 306 F. Supp 246 (D.R.I.1969); United States ex rel. Wiggins v. Commonwealth of Pennsylvania, 302 F.Supp. 845 (E.D.Pa.1969). Thus, in the absence of *Boykin,* the burden is upon petitioner to prove by a preponderance of the evidence that his guilty plea was, in fact, an involuntary plea, or that it was based upon advice of inadequate counsel. This he has failed to do.

Petitioner contends that he pleaded guilty only because he was led by his attorney to believe that by doing so he would be sentenced to five years, whereas if he pleaded not guilty and were found guilty, he would receive a sentence from fifty to ninety-nine years. But the only testimony to support this claim is petitioner's own self-serving testimony. He was represented by Mr. Simmons, an able lawyer, well versed and much experienced in the field of criminal law. Mr. Simmons testified that at no time did he represent to petitioner that if he pleaded guilty he would get only five years. He further testified that at no time did petitioner tell him or even indicate to him that he was innocent of the crimes with which he was charged. Mr. Simmons advised petitioner that the law of Louisiana had been changed in 1966 and that under the new law the penalty for armed robbery was from five to ninety-nine years. He advised him that he could be sentenced within that

**1136**

range on each of the three charges of armed robbery, and that the sentences could, under the law, run consecutively. He further advised petitioner that under the new law he could not have the benefit of parole, probation, or suspension of sentence. Mr. Simmons further testified that, since he was on a salary with the Legal Aid Society, it would make no difference monetarily to him whether he went to trial for petitioner or not. Petitioner never proclaimed his innocence, and after being informed of the possible sentences, he, of his own volition, changed his plea to guilty. Upon being sentenced to three concurrent twenty-five year sentences, he made no protest to Mr. Simmons or to anyone else, and after arriving at the penitentiary he wrote a letter to Mr. Simmons asking him to get the money the police had taken from him and send it to him, and in that same letter he thanked Mr. Simmons for all that he had done for him. This was in October of 1967. Mr. Simmons heard nothing further from petitioner until he was subpoenaed to appear before this Court for an evidentiary hearing in connection with this application for habeas corpus held on April 20, 1970.

After hearing and seeing the witnesses in this case, the Court simply attaches much more credibility to the testimony of Mr. Simmons than it does to that of petitioner. It may well be that petitioner hoped and even thought he would receive the minimum sentence of five years on each charge. But he has certainly not proved by anything like a preponderance of credible evidence that he was made any such promise in return for a guilty plea.

This Court concludes that petitioner was represented by competent counsel who adequately and fairly advised and represented petitioner during all stages of the proceedings had against him, and that petitioner knowingly, intelligently, and intentionally entered a voluntary plea of guilty to the crimes with which he was charged. Thus, all non-jurisdictional defenses were volun-

tarily waived and petitioner's constitutional rights were in no way violated.

For these reasons, petitioner's application for the issuance of a writ of habeas corpus will be denied, and judgment will be entered accordingly.