**Robert P. DOMINGUEZ, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

**No. 30773**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 13, 1971.

---

*.[1] Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**208**

Robert P. Dominguez, pro se.

John P. Volz, Byron P. Legendre, Asst. Dist. Attys., New Orleans, La., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This appeal from a denial of habeas corpus relief presents the question of whether Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) is retroactive. Holding that it is not, we affirm the district court.

I. In his brief, petitioner also asserts a violation of his Fifth Amendment rights against self-incrimination, which argu-

The petitioner, a Louisiana state prisoner, is presently serving three concurrent twenty-five year sentences, which were imposed on September 27, 1967, after he pleaded guilty to three charges of armed robbery. He seeks to set aside those convictions by a petition for writ of habeas corpus alleging that (1) he was denied his right to trial by jury, (2) he was denied his right to confront witnesses, (3) he had inadequate counsel, and (4) the trial court did not inquire into the voluntariness of his plea of guilty.[1] The district court held a hearing on the allegations and found that at the time of the plea the petitioner

" * * * was represented by competent counsel who adequately and fairly advised and represented petitioner during all stages of the proceedings had against him, and that petitioner knowingly, intelligently, and intentionally entered a voluntary plea of guilty to the crimes with which he was charged. * * * " 316 F.Supp. 1134, 1136.

These findings are supported by the record and are not clearly erroneous.

Since there is no evidence in the record that the state court judge made an inquiry into the voluntariness of petitioner's pleas of guilty, the pleas would be insufficient as a matter of law under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The plea of guilty was entered prior to the decision in Boykin, and would have to be set aside only if Boykin is retroactive in effect. We hold to the contrary.

Although the Supreme Court has not answered this question directly, its decision in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) points to prospective application of the Boykin rule.

In Halliday, the court held that the rule announced in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) should not be retro-

ment has been considered and disposed of by this appeal.

actively applied. While *Boykin* was concerned with state court procedures, *McCarthy* dealt with the adequacy of guilty pleas in federal courts. *McCarthy* held that before a guilty plea could be accepted in a United States District Court under Rule 11 of the Federal Rules of Criminal Procedure, the district judge must first address the defendant personally and determine that the plea was made voluntarily with understanding of the nature of the charge. A silent record in this respect requires that a guilty plea be set aside. Although this decision was made pursuant to the Supreme Court's supervisory power over the lower federal courts, rather than on the constitutional grounds which fathered *Boykin*, the court in *Halliday* used the three criteria usually considered to determine whether newly adopted constitutional rulings should apply retroactively.[2]

■ Inasmuch as the purposes for which the rule in *McCarthy* was adopted[3] appear to be substantially the same as the reasons for the *Boykin* rule,[4] it would appear clear that when retroactivity is put to the same constitutional test, the result should be the same. We hold that Boykin v. Alabama is not to be applied to guilty pleas entered before the date of that decision.

This decision puts the Fifth Circuit in line with other circuits which have considered the problem. United States ex rel Rogers v. Adams, 435 F.2d 1372 (2d Cir. 1970); United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3d Cir. 1970); Smith v. Cox, 435 F.2d 453 (4th Cir. 1970); Meller v. Missouri, 431 F.2d 120 (8th Cir. 1970); Moss v. Craven, 427 F.2d 139 (9th Cir. 1970); Perry v. Crouse, 429 F.2d 1083 (10th Cir. 1970).

■ The voluntary guilty plea waived all non-jurisdictional defenses, so that petitioner cannot now raise issues concerning his rights to a jury trial and confrontation of witnesses. The district court properly denied the petition for writ of habeas corpus on all grounds.

Affirmed.

2. "In deciding whether to apply newly adopted constitutional rulings retroactively, we have considered three criteria: (1) the purpose of the new rule; (2) the extent of reliance upon the old rule; and (3) the effect retroactive application would have upon the administration of justice. E. g., Desist v. United States, ante, [394 U.S.] p. 244 [89 S.Ct. 1030, 22 L.Ed.2d 248]; Stovall v. Denno, 388 U.S. 293 [87 S.Ct. 1967, 18 L.Ed.2d 1199] (1967); Johnson v. New Jersey, 384 U.S. 719 [86 S.Ct. 1772, 16 L.Ed. 2d 882] (1966). In McCarthy we took care to note that our holding was based solely upon the application of Rule 11 and not upon constitutional grounds. Nevertheless, it is appropriate to analyze the question of that decision's retroactivity in terms of the same criteria we have employed to determine whether constitutionally grounded decisions that depart from precedent should be applied retroactively. See Linkletter v. Walker, 381 U.S. 618, 622-629 [85 S.Ct. 1731, 1733-1737, 14 L.Ed.2d 601] (1965)." Halliday v. United States, 394 U.S. at p. 832, 89 S.Ct. at p. 1499.

3. "The rule we adopted in McCarthy has two purposes: (1) to insure that every defendant who pleads guilty is afforded Rule 11's procedural safeguards, which are designed to facilitate the determination of the voluntariness of his plea; (2) to provide a complete record at the time the plea is entered of the factors relevant to this determination, thereby facilitating a more expeditious disposition of a post-conviction attack on the plea." Halliday v. United States, 394 U.S. at p. 832, 89 S.Ct. at p. 1499.

4. "We cannot presume a waiver of these three important federal rights from a silent record. * * *
"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (Garner v. Louisiana, 368 U.S. 157, 173 [82 S.Ct. 248, 256, 7 L.Ed.2d 207]; Specht v. Patterson, 386 U.S. 605, 610 [87 S.Ct. 1209, 1212, 18 L.Ed.2d 326]) and forestalls the spin-off of collateral proceedings that seek to probe murky memories. * * *" Boykin v. Alabama, 395 U.S. 243-244, 89 S.Ct. 1712.