259 So.2d 20

**STATE of Louisiana**

v.

**Charles E. MAIDEN and Bobby Joe Murphy.**

**No. 52011.**

March 8, 1972.

---

Edmund M. Thomas, Shreveport, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Charles R. Lindsay, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendants, Charles E. Maiden and Bobby Joe Murphy, were tried by a jury and convicted of the crime of armed robbery, and sentenced to serve fifteen and five years respectively, in the Louisiana State Penitentiary at hard labor (La.R.S. 14:64).

The accused, Bobby Joe Murphy, has not perfected any bills of exceptions. We are therefore limited on his appeal to a review of the pleadings and proceedings for discoverable error. La.C.Cr.P. art. 920; State v. Ash. 257 La. 337, 242 So.2d 535 (1971). We find none. His conviction and sentence are affirmed.

On the appeal of Charles E. Maiden, the defendant relies on two bills of exceptions to obtain a reversal of the conviction. We find merit in neither.

By the first bill of exceptions taken by Maiden, he contends substantial constitutional rights were violated when the trial court permitted the introduction of certain items—specifically, a tire tool, a roll of coins, a gas can, and clothing—into evidence over their objections at a hearing on their Motion to Suppress, alleging such articles were the result of an unconstitutional search and seizure.

In examining the record before us, we find the arresting officers testified that they spotted the articles in question in the defendants' car, which had been stopped in the area as the occupants seemed to meet the description of what the robbers were wearing. The police officers had been alerted by radio, and thus they had proba-

ble cause to make the arrest. Pursuant to a lawful arrest, the seizure of evidence that is in plain view and that is suspected as the tools of the robbery for which the defendants were tried is not prohibited. State v. Edwards, 257 La. 707, 243 So.2d 806 (1971). Further, a reasonable warrantless search of a mobile vehicle may be properly made. La.C.Cr.P. art. 225; State v. Pebworth, 251 La. 1063, 208 So.2d 530 (1968). Such a search violates no constitutional guarantees. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed. 2d 419 (1970) and State v. Ryan, 255 La. 398, 231 So.2d 365 (1970).

◼ The defendant's second bill of exceptions, taken to the overruling of a Motion to Dismiss due to the denial of a speedy trial, is similarly without merit. The case was set for trial February 26, 1971, but as neither appellants' attorneys were present the case was continued, and reset for June 23, 1971. It was not until June 17, 1971 that Maiden filed a motion for a speedy trial. Subsequently, Murphy's attorney filed a petition for a continuance on June 23, 1971. As it was the intention of the state to try the appellants jointly, and as certain witnesses deemed necessary by the state had not been served, the court granted another continuance until August 20, 1971, as the court was then going into summer recess. On August 20 no appearance was made on behalf of appellant Charles E. Maiden. The month of September was taken up on Maiden's motion to suppress evidence, after which the trial was again set for October 11, 1971. Ultimately on October 13, trial was held after an additional two days' delay, during which time an attachment was issued for the missing witnesses.

The Code of Criminal Procedure article 712 vests in the trial court the discretion to grant a continuance in any case there is good grounds for it. The only prejudice suggested by the defendant was the length of time he spent in jail awaiting trial. He did not present any showing that would indicate he was prejudiced as to the preparation of his trial, presentation of his witnesses, his right to full cross-examination, or the loss of evidence in the determination of his guilt or innocence. As summarized most recently in State v. Shilow, 260 La. 21, 255 So.2d 60, 61 (1971), "we have consistently held that the trial court's ruling granting or refusing a continuance will not be disturbed except where the discretion has been exercised arbitrarily or unreasonably."

We find no abuse of discretion in, and no prejudice flowing from, the ruling of the trial court.* See also United States v.

---

* Upon examination of the minutes, we note the trial court was faced with the dilemma of administering a joint trial wherein co-defendants had filed contradictory motions for a continuance and a speedy trial, and resolved the matter to the best of its ability.

Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L. Ed.2d 468 (1971).

For these reasons, we find the defendant's contentions to be without merit.

The convictions and sentences are affirmed.