## HALLIDAY *v.* UNITED STATES.

No. 642, Misc.   Decided May 5, 1969.

*Laurence M. Johnson* for petitioner.

*Solicitor General Griswold, Assistant Attorney General Vinson, Jerome M. Feit,* and *Mervyn Hamburg* for the United States.

PER CURIAM.

The motion to proceed *in forma pauperis* is granted. The petition for a writ of certiorari is also granted, limited to one issue: Should petitioner's conviction be reversed because the United States District Judge who accepted his guilty plea failed to comply with Rule 11 of the Federal Rules of Criminal Procedure?   In our recent decision of *McCarthy* v. *United States, ante,* p. 459, we held that when a guilty plea is accepted in violation of Rule 11 the defendant must be afforded an opportunity to plead anew.   Petitioner's plea was entered in 1954. The question we must decide, therefore, is whether *McCarthy* should be applied to guilty pleas accepted prior to the date of that decision.   We hold that it should not.

After an evidentiary hearing on October 17, 1967, petitioner's motion to set aside his sentence under 28 U. S. C. § 2255 was denied by the United States District Court for the District of Massachusetts.   The United

States Court of Appeals for the First Circuit affirmed *per curiam*. Although it acknowledged that the District Court had not complied with Rule 11 when it accepted petitioner's plea, it held that he was not entitled to relief because "ample evidence" supported the District Court's finding that the Government had met its burden of demonstrating that petitioner entered his plea voluntarily with an understanding of the nature of the charges against him.

In deciding whether to apply newly adopted constitutional rulings retroactively, we have considered three criteria: (1) the purpose of the new rule; (2) the extent of reliance upon the old rule; and (3) the effect retroactive application would have upon the administration of justice. *E. g., Desist* v. *United States, ante,* p. 244; *Stovall* v. *Denno,* 388 U. S. 293 (1967); *Johnson* v. *New Jersey,* 384 U. S. 719 (1966). In *McCarthy* we took care to note that our holding was based solely upon the application of Rule 11 and not upon constitutional grounds. Nevertheless, it is appropriate to analyze the question of that decision's retroactivity in terms of the same criteria we have employed to determine whether constitutionally grounded decisions that depart from precedent should be applied retroactively. See *Linkletter* v. *Walker,* 381 U. S. 618, 622–629 (1965).

The rule we adopted in *McCarthy* has two purposes: (1) to insure that every defendant who pleads guilty is afforded Rule 11's procedural safeguards, which are designed to facilitate the determination of the voluntariness of his plea; (2) to provide a complete record at the time the plea is entered of the factors relevant to this determination, thereby facilitating a more expeditious disposition of a post-conviction attack on the plea. Unquestionably, strict compliance with Rule 11 enhances the reliability of the voluntariness determination, and we have retroactively applied constitutionally grounded rules of crim-

inal procedure designed to correct "serious flaws in the fact-finding process at trial." *Stovall* v. *Denno, supra,* at 298. However, a defendant whose plea has been accepted without full compliance with Rule 11 may still resort to appropriate post-conviction remedies to attack his plea's voluntariness. Thus, if his plea was accepted prior to our decision in *McCarthy,* he is not without a remedy to correct constitutional defects in his conviction. Cf. *Johnson* v. *New Jersey, supra,* at 730. And as we pointed out in *Stovall,* the extent to which a "condemned practice infects the integrity of the truth-determining process . . . must . . . be weighed against the prior justified reliance upon the old standard and the impact of retroactivity upon the administration of justice." *Stovall* v. *Denno, supra,* at 298. In *McCarthy* we noted that the practice we were requiring had been previously followed by only one Circuit; that over 85% of all convictions in the federal courts are obtained pursuant to guilty pleas; and that prior to Rule 11's recent amendment, not all district judges personally questioned defendants before accepting their guilty pleas. Thus, in view of the general application of Rule 11 in a manner inconsistent with our holding in *McCarthy,* and in view of the large number of constitutionally valid convictions that may have been obtained without full compliance with Rule 11, we decline to apply *McCarthy* retroactively. We hold that only those defendants whose guilty pleas were accepted after April 2, 1969, are entitled to plead anew if their pleas were accepted without full compliance with Rule 11.

Accordingly, the judgment of the Court of Appeals for the First Circuit is

*Affirmed.*

Mr. Justice Harlan, concurring in the result.

*McCarthy* v. *United States, ante,* p. 459, announced no new constitutional or general procedural doctrine. That decision, on a matter of first impression in this

Court, merely interpreted Rule 11 of the Federal Rules of Criminal Procedure, as amended effective July 1, 1966, and held that the rule must be strictly applied according to its terms. I see no reason why other federal prisoners whose pleas were accepted in plain violation of the requirements of the amended rule should be deprived of the relief accorded McCarthy. See generally my dissent in *Desist* v. *United States, ante,* p. 256. I would therefore apply the *per se* rule enunciated in *McCarthy* to all pleas entered on or after July 1, 1966.

While the amended Rule 11 requires the trial judge to follow specific procedures before accepting a plea of guilty, and was promulgated for that very purpose, see Notes of Advisory Committee on Rules, the pre-1966 Rule 11 was "substantially a restatement of existing law and practice," *ibid.,* and required only that the judge "determine" that the plea was made "voluntarily with understanding of the nature of the charge," without, however, specifying a procedure for making this determination. Thus, in a pre-1966 proceeding, the trial judge may have relied on the circumstances surrounding a plea of guilty, without making a specific inquiry or findings, to conclude that the plea was voluntarily and understandingly given.

I agree with the court below that the absence of an explicit inquiry may sometimes entitle the defendant to a subsequent hearing, pursuant to 28 U. S. C. § 2255, to determine whether the plea was in fact made voluntarily and understandingly. In view of the wholly inexplicit directives of the old rule, however, I believe that such a hearing suffices, and that a plea made under that rule should not automatically be set aside as in the case of a plea made under the 1966 rule—the situation in *McCarthy.*

Petitioner's plea was accepted in 1954, without an explicit inquiry at that time whether it was voluntarily and understandingly made. Petitioner moved to vacate the plea, and after a full hearing the District Court, 274 F. Supp. 737, 738–739 (1967), affirmed by the Court of Appeals, 394 F. 2d 149 (1968), determined that "the Government has sustained its burden of showing that at the time petitioner Halliday changed his plea he in fact did understand the nature of the three charges against him and that he changed his plea voluntarily, with full awareness of the consequences of the change of plea."

On the basis of these findings, and not on any theory as to the nonretroactivity of *McCarthy,* I would affirm.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS joins, dissenting.

I do not understand why there should be any discussion of the retroactivity of *McCarthy* v. *United States, ante,* p. 459, a decision of this Court this Term interpreting a Federal Rule of Criminal Procedure. If the rule's relevant portions were in full force and effect when petitioner's guilty plea was entered in 1954, then it should of course be enforced in this case; if not, the *McCarthy* decision simply has no application here at all. For this reason and for all others set out in my dissenting opinion in *Linkletter* v. *Walker,* 381 U. S. 618, 640 (1965), I would reverse the judgment below and order that petitioner's guilty plea be vacated so that he may have an opportunity to plead again.