**Odell BENNETT, Defendant-Appellant,**

v.

**UNITED STATES of America,
Plaintiff-Appellee (two cases).**

**Nos. 18846, 19072.**

United States Court of Appeals
Sixth Circuit.

May 22, 1969.

Edwin C. Lenow (court appointed),
Memphis, Tenn., for appellant.

Henry L. Klein, Memphis, Tenn., for appellee, Thomas L. Robinson, U. S. Atty., Bart C. Durham, III, Asst. U. S. Atty., Memphis, Tenn., on the brief.

Before CELEBREZZE and PECK, Circuit Judges, and GORDON, District Judge.*

ORDER

The defendant filed two separate appeals which were consolidated for argument before this Court. In case No. 18,846, defendant-appellant was convicted after a jury trial under a three-count indictment for conspiring to steal, stealing from and obstructing the mail, and forgery. Appellant bases this appeal on alleged errors in the admission and use of his fingerprint chart at trial and in the government's cross-examination of him. We find merit in neither claim, and it is therefore ordered that the judgment of the District Court be, and hereby is, affirmed.

In case No. 19,072, defendant-appellant pleaded guilty, under Rule 20, F.R. Crim.P., in the United States District Court for the Western District of Tennessee, Western Division, to a fifteen-count indictment pending against him in Wichita, Kansas. After sentencing, defendant sought to withdraw his plea of guilty under Rule 32(d), F.R.Crim.P., which was denied by the District Court following a plenary hearing.

Appellant claims that he did not understand either the legal consequences of the guilty plea, or that he was pleading guilty to all fifteen counts of the indictment, and further that he did not know what the maximum penalties were since the Kansas indictment was void of such information. Appellant claims that this was a denial of due process of law.

■ In a recent decision (McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (April 2, 1969)), the United States Supreme Court stated that it was the duty of the district

---

* Honorable James F. Gordon, United States District Judge for the Western District of Kentucky, sitting by designation.

judge, under the procedural safeguards provided in Rule 11, F.R.Crim.P., to determine the voluntariness of the guilty plea and to provide a complete record of the factors relevant to that determination. The Supreme Court has subsequently held in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (decided May 5, 1969) that *McCarthy* would not be applied retroactively to guilty pleas entered before April 2, 1969, and therefore *McCarthy* is inapplicable here since defendant's plea was accepted before that date.

■ We have reviewed the transcript of the arraignment, plea and motion for withdrawal of plea and find that defendant-appellant did understand the nature of the charges and that the plea was voluntarily made with full awareness of the consequences. The defendant requested that the District Court for the Western District of Tennessee dispose of the Kansas indictment on February 9, 1968, and both the court-appointed attorney and the District Judge explained to the defendant that the only way the transfer could be handled under Rule 20 was on a guilty plea. Defendant was furnished a copy of the indictment and his attorney stated that he had discussed it with him.

At the hearing held on February 23, 1968, the District Judge personally questioned the defendant concerning his understanding of the indictment before accepting his plea of guilty, and found that there was a basis in fact for the entry of the guilty plea. The District Judge also had the maximum penalties read to the defendant before accepting the guilty plea.

At the proceeding held on June 28, 1968, where the defendant sought to withdraw his guilty plea, the District Judge concluded that the plea had been entered deliberately, carefully and understandingly, knowingly and intentionally and that the motion was made because the defendant was dissatisfied with his sentence. We agree, and accordingly,

It is ordered that the judgment of the District Court be, and hereby is, affirmed.