William Grover **BELL**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25834.

United States Court of Appeals
Fifth Circuit.

May 29, 1969.

William E. Gray, Houston, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Morton L. Susman, U. S. Atty., Fred L. Hartman, James R. Gough, Asst. U. S. Attys., Houston, Tex., for appellee.

Before TUTTLE and GEWIN, Circuit Judges, and PITTMAN, District Judge.

PER CURIAM:

The appellant Bell was charged in the United States District Court for the Southern District of Texas with willfully failing to appear after release on bail in violation of 18 U.S.C. § 3146 (1964).[1] Bell had been released on bond pending trial on a felony charge. He entered a plea of guilty to the bail-jumping charge in the presence of his counsel.

On this appeal he makes the following contentions: (1) error was committed in refusing to allow him to withdraw his plea of guilty at the time of sentence; (2) the trial court did not comply with Rule 11 Fed.R.Crim.P. in accepting his plea of guilty; (3) the trial court should have conducted an evidentiary hearing on appellant's pro se motion to withdraw his plea of guilty filed after sentence was pronounced; and (4) error was committed in denying appellant an evidentiary hearing on his oral motion to withdraw his plea of guilty before sentence was pronounced. In summary the appellant contends that his guilty plea should be set aside.

Upon a review of the record we are convinced that the contentions of the appellant are without merit. We take note of the fact that the Supreme

---

1. The provisions of this section are now covered by 18 U.S.C. §§ 3150, 3151 (1966).

Court rendered its decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) subsequent to the submission of this case to the court. After *McCarthy*, however, the Supreme Court rendered its decision in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (May 7, 1969), wherein it considered the question "whether McCarthy should be applied to guilty pleas accepted prior to the date of that decision." The Court answered the question as follows: "We hold that only those defendants whose guilty pleas were accepted after April 2, 1969, are entitled to plead anew if their plea was accepted without full compliance with Rule 11." Appellant Bell's plea was entered prior to the date specified in *Halliday*.

The judgment is affirmed.