[Crim. No. 15793. Second Dist., Div. Two. Nov. 4, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. CLARENCE RHOADES, Defendant and Appellant.

**COUNSEL**

Lev & Remington and Michael Remington for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and James H. Kline, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**HERNDON, J.**—These appeals are taken from the judgment of conviction entered upon appellant's plea of guilty to a charge of issuing a check without sufficient funds (Pen. Code, § 476a) and from the order denying his petition for writ of error *coram nobis*. By his petition he sought an order vacating and setting aside the judgment and his plea of guilty "on the grounds that the said plea of guilty was entered as a result of inadvertence, fraud, coercion and mistake with the result of denying petitioner a fair trial on the merits."

Appellant's major contention is that the evidence does not support the trial court's findings to the effect that he entered his plea of guilty freely and voluntarily, with a full understanding of its meaning and consequences,

and not in reliance upon any promise or assurance of leniency. The record demonstates the fallacy of appellant's arguments.

After an extended hearing on appellant's petition for the writ, at which appellant and his wife and the several attorneys in the case testified at length, the trial court denied the petition, having declared its findings as follows:

"The Court further finds that no State officer, employee, or Judge or public official of any kind made any representations whatever to the defendant that he would receive any leniency or any particular sentence or probation, and in fact he was advised in open court, and the transcript indicates that, by the District Attorney that only the Judge could and would determine the sentence and punishment. The Court further finds that the defendant's plea of guilty was made freely, voluntarily, knowingly, intelligently and without any promise or inducement whatever of any lenience or lesser sentence or punishment. Accordingly, the petition for Writ of Error Coram Nobis is denied."

If it were our province to reweigh the evidence and to pass upon the credibility of the witnesses on the basis of the record, which of course it is not, we would unhesitatingly find the facts exactly as the trial court found them.

The transcript of the proceeding at which appellant appeared before the court with his lawyer and expressed his desire to change his plea and to enter a plea of guilty discloses that special pains were taken by court and counsel to establish that appellant had been fully advised of his constitutional and legal rights; that he was entering his plea of guilty freely and voluntarily and with a full understanding of all that the plea connotes and of its consequences; and that he was not acting in reliance upon any assurance or promise that he would receive lenient treatment at the hands of the court.

Appellant has cited to us the recent decision of the United States Supreme Court in *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709]. We have concluded that appellant's reliance upon this decision is completely misplaced. If it were necessary for us to decide the issue we would hold that every requirement of the *Boykin* decision was fulfilled in the course of the proceedings wherein appellant withdrew his plea of not guilty and tendered his plea of guilty.

 We would emphasize, however, that in this case we are not called upon to determine whether or not *Boykin* v. *Alabama, supra,* is to be given retroactive application to cases in which the guilty plea was accepted prior to the date of that decision. Neither is it necessary here to decide whether or not in this case all the "prerequisites of a valid waiver" as declared in

*Boykin* v. *Alabama* were spread upon the record of the proceedings at which appellant's plea of guilty was offered and accepted. This is so because in this case, as in *Halliday* v. *United States,* 394 U.S. 831 [23 L.Ed.2d 16, 89 S.Ct. 1498], appellant sought, and was accorded, a full evidentiary hearing on his post-judgment petition to vacate and set aside the judgment and the plea of guilty upon which the judgment was based.

At the plenary hearing upon appellant's post-conviction petition, each of the factual allegations upon which he based his prayer for relief was contradicted by substantial evidence the credibility of which is beyond serious question.

Appellant took the witness stand at the hearing and in the course of his testimony admitted that in 1952 he was convicted of the federal offense of using the mails to defraud and that he had served a term in federal prison for that felony. He also testified that in 1943 he was convicted of forgery in Oakland, California, and was granted probation. Because the record was unclear as to whether or not this was a felony conviction, and apparently without considering whether it was admissible to prove appellant's familiarity with criminal proceedings, the court stated that the admission of this conviction would be disregarded. Appellant further testified that although his true name was Clarence V. Rhoades, he had been using the name Carl B. Harman for the past two or three years.

Eugene Rippen, an attorney at law from San Jose, California, was called as a witness for the defendant. Mr. Rippen testified that he had not represented appellant in the instant case which was pending in Los Angeles County but that he had referred him to attorney Edward Stanton of Los Angeles. Mr. Rippen at that time was representing appellant in the defense of felony charges which had been filed against him in Santa Clara County. These consisted of a charge of conspiracy to violate provisions of the Health and Safety Code and six or seven charges of grand theft. These latter charges involved allegations of theft by fraud in the advertising and sale of reducing machines.

The testimony of Mr. Rippen tended more to discredit appellant than to further his cause. Although Mr. Rippen indicated that he had discussed appellant's cases with Mr. Stanton and his associate Mr. Carlisle on numerous occasions, the representation of appellant in the case pending in Los Angeles was left entirely in the hands of Mr. Stanton and Mr. Carlisle.

In his discussions with appellant and with Mr. Stanton, Mr. Rippen had several times expressed his hope that some arrangements could be worked out for a "negotiated settlement" which he suggested might involve a plea of guilty to the less serious charge pending in Los Angeles and a dismissal of the more serious San Jose charges. However, Mr. Rippen categorically denied that any such settlement or "deal" had ever been arrived at with the

district attorney's office either in Santa Clara County or in Los Angeles County. As a matter of fact, he had had no communication whatever with any public official in Los Angeles County. Mr. Rippen never told appellant that any "deal" had been made or agreed to by any law enforcement officer anywhere. When asked, "Did you make any promises to the defendant as to any disposition of this case in Los Angeles County?" Mr. Rippen answered, "No, I did not."

At the outset of the hearing on his petition for the writ of error *coram nobis,* appellant made statements to the court in which he expressly admitted "that the District Attorney had nothing to do with the information that was given to me by my attorney." In context, this statement refers to appellant's claim that his attorneys had falsely represented to him that leniency had been promised if he would enter a plea of guilty.

Appellant previously had told the court, "My plea of guilty in this court was changed from a plea of not guilty, on the assurance of the attorneys if I pled guilty here the matter in San Jose would be dismissed." When the court inquired, "What attorneys told you that?" appellant replied, "Mr. Stanton and Mr. Carlisle." Mr. Carlisle who was then in court immediately stated, "I never said that, Mr. Rhoades."

Both Mr. Stanton and Mr. Carlisle testified at length at the hearing, and in every material respect their testimony contradicts that of appellant. We deem it unnecessary to burden this opinion further with a lengthy recital of that testimony.

Viewed in its entirety, the evidence taken at this hearing is such as to leave no room for reasonable doubt that appellant entered his plea of guilty freely and voluntarily and with complete understanding of the nature of the charge against him and of the potential consequences of his plea. He admitted that he knew when he changed his plea that he was pleading guilty to a felony punishable by imprisonment. He reaffirmed that he had answered in the affirmative when he was asked the question, "You desire to plead guilty to this charge because you feel in fact under the law you are guilty of that charge?" He further reaffirmed his earlier testimony that prior to the time that he offered to plead guilty, he "had discussed all the facts of this matter" with his lawyer and that his lawyer had advised him of his "constitutional rights and [his] rights under the law relative to this matter."

The entire thrust of appellant's petition and of his testimony is that in entering his plea of guilty, he had relied upon statements of his lawyers to the effect that a "deal" had been made with the offices of the district attorney in Santa Clara and Los Angeles Counties assuring that the charges against him in Santa Clara County would be dismissed and that he would receive lenient treatment from the court in Los Angeles. The testimony of

the lawyers who represented appellant in the trial court, as we have shown, constituted a complete refutation of appellant's claims in this respect.

It is more than probable that Mr. Stanton would have been less optimistic about the prospects of his client as a candidate for judicial leniency if he had known the full extent of appellant's previous criminal record. Pursuant to appellant's request, the record on this appeal was augmented to include the transcript of the proceedings at the time he was sentenced. That transcript reveals that appellant's previous experience as a defendant in criminal matters had been somewhat more extensive than was disclosed by his testimony at the hearing on his petition. That transcript reveals that in addition to the forgery conviction in 1943, appellant had suffered two federal court convictions, one in 1953 for using the mails to defraud for which he served 11 months of an 18-month sentence, and the other for a similar offense referred to as the "Denver" case for which he served 4 months of an 18-month sentence in federal prison. It further appears that appellant entered a plea of guilty to one count of conspiracy to commit grand larceny, that being one of the charges pending in Santa Clara County to which reference previously has been made.

We are impelled to affirm the judgment and the order of the trial court in this case for the same reason that the United States Supreme Court affirmed the judgment in *Halliday* v. *United States, supra,* 394 U.S. 831, 832 [23 L. Ed.2d 16, 19], as expressed in the following quotation from that opinion: "After an evidentiary hearing on October 17, 1967, petitioner's motion to set aside his sentence under 28 USC § 2255 was denied by the United States District Court for the District of Massachusetts. The United States Court of Appeals for the First Circuit affirmed per curiam. Although it acknowledged that the District Court had not complied with Rule 11 [of the Federal Rules of Criminal Procedure[1]] when it accepted petitioner's plea, it held that he was not entitled to relief because 'ample evidence' supported the District Court's finding that the Government had met its burden of demonstrating that petitioner entered his plea voluntarily with an understanding of the nature of the charges against him."

Although it has no significant bearing upon the present case, we have noted that in *McCarthy* v. *United States,* 394 U.S. 459 [22 L.Ed.2d 418,

---

[1]Rule 11 of the Federal Rules of Criminal Procedure provides as follows: "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

89 S.Ct. 1166], it was held that the failure of a *federal district judge* to comply with the procedure for accepting a guilty plea as prescribed in rule 11 of the Federal Rules of Criminal Procedure required that the plea be set aside and the defendant permitted to replead. However, in *Halliday* v. *United States, supra,* it was held that the new rule enunciated in *McCarthy* requiring literal compliance with rule 11 *in federal court proceedings* would not be given retroactive application and "that only those defendants whose guilty pleas were accepted after April 2, 1969, are entitled to plead anew if their plea was accepted without full compliance with Rule 11."

Appellant's contentions that he was denied his right to effective counsel and that his "trial was reduced to a sham and a mockery by the gross inadequacy of [his] legal representation" are wholly without support in the record. On the contrary, it appears that his representation was both competent and conscientious. Appellant's other assignments of error are so patently frivolous that we reject them summarily.

The judgment and the order denying the petition for the writ of error *coram nobis* are affirmed.

Roth, P. J., and Wright, J., concurred.

A petition for a rehearing was denied December 2, 1969.