Donald M. **INGRAM**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 28760
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

March 26, 1970.

**530**

Donald M. Ingram, pro se.

William J. Schloth, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

We have concluded on the merits that this case is of such character as not to justify oral argument. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. See Huth v. Southern Pac. Co., 5 Cir. 1969, 417 F.2d 526, Part I; and Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; 5th Cir. R. 18.

This appeal is from an order of the district court denying without an evidentiary hearing a motion to vacate sentence. 28 U.S.C. § 2255. We affirm.

August 27, 1962, Donald M. Ingram, defendant-appellant, was convicted on his plea of guilty to bank robbery in violation of 18 U.S.C. § 2113. He was sentenced on September 6, 1962, to twenty years imprisonment. Court-appointed counsel represented the defendant at his arraignment and sentencing.

In his motion to vacate, the defendant contends that the trial court failed to comply with the requirements of Rule 11 of the Federal Rules of Criminal Procedure to determine (1) that the plea was voluntary, (2) that he was aware of the charges against him, (3) that he was aware of the possible penalties involved, and (4) whether there was a factual basis for the plea. The defendant also alleges that he did not plead guilty, but that the plea was entered by his counsel. The district court denied relief without an evidentiary hearing, finding that the trial court had fully complied with Rule 11 as it stood at the time the plea was entered, prior to the 1966 amendment.

A study of the transcript and of the arraignment and sentencing reveals no clear error in the findings of the district court or in its interpretation of the law. The record affirmatively shows that the defendant was furnished a copy of the indictment and had sufficient time to confer with counsel. He stated in open court that he understood the charges against him and the possible consequences; that he was satisfied with the counsel appointed, and that he required no further time to contemplate his plea or to discuss it with counsel. He expressed satisfaction with his plea of guilty entered by his counsel in open court and in his presence, and unequivocally stated that his plea was not coerced.

We find that the proceedings were in full compliance with Rule 11 as it then existed. Tucker v. United States, 5 Cir. 1969, 409 F.2d 1291. An evidentiary hearing on the motion was therefore not required. 28 U.S.C. § 2255; Chambers v. United States, 5 Cir. 1970, 422 F.2d 379; Campbell v. United States, 5 Cir. 1970, 420 F.2d 963; Gill v. United States, 5 Cir. 1970, 421 F.2d 1353; Holland v. United States, 5 Cir. 1969, 406 F.2d 213.

Ingram entered his plea of guilty on August 27, 1962. McCarthy v. United States, 1969, 394 U.S. 459, 89 S. Ct. 1166, 22 L.Ed.2d 418, was decided on April 2, 1969. In Halliday v. United States, 1969, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, the Supreme Court ruled that *McCarthy* was not to be retroactively applied. Ingram's reliance upon *McCarthy* is therefore foreclosed.

Affirmed.