UNITED STATES of America, Appellee,

v.

Charles G. FERRELL, Appellant.

No. 13504.

United States Court of Appeals, Fourth Circuit.

May 6, 1970.

ceive no fault in these steps of the case. In this determination the trial judge adequately observed the procedural prescriptions of Rule 11.[1]

Other points made on this appeal have been noticed but found insubstantial.

Affirmed.

William C. Beatty, Huntington, W. Va., for appellant.

George D. Beter, Asst. U. S. Atty., Huntington, W. Va., for appellee.

Before BRYAN, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Pleas of guilty were accepted from Charles G. Ferrell by the Federal District Court for the Southern District of West Virginia on two indictments charging the interstate transportation of false securities in violation of 18 U.S.C. § 2314. The judgments of conviction, with the sentences, are attacked on this appeal as invalid principally for failure of the Court to comply with Rule 11, F.R.Crim. P. As apposite here it reads as follows:

"The court may refuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

Upon examination of the proceedings at arraignment and sentencing we per-

1. Incidentally, the pleas in this case were "accepted" before April 2, 1969, the effective date of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). See, Halliday v. United States, 394 U.S. 831, 833, 89 S. Ct. 1498, 23 L.Ed.2d 16 (1969).