Kermit Arthur **BELGARDE**, Plaintiff
and Appellant,

v.

**UNITED STATES of America,**
**Defendant and Appellee.**

No. 23864.

United States Court of Appeals,
Ninth Circuit.

May 26, 1970.

Harold F. Hanser (argued), Billings, Mont., for plaintiff and appellant.

Eugene A. Lalonde (argued), Asst. U. S. Atty., Otis L. Packwood, U. S. Atty., Billings, Mont., for defendant and appellee.

Before BROWNING, CARTER and WRIGHT, Circuit Judges.

PER CURIAM.

Petitioner, charged with first degree murder for the killing of his father and brother, pled guilty to second degree murder and was sentenced to life imprisonment. He sought relief under 28 U.S.C. § 2255 and complained that the trial court did not comply with Rule 11 Fed.Rules of Crim.Procedure. He relied upon McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and Heiden v. United States (9 Cir. 1965) 353 F.2d 53. His plea of guilty had been entered on May 27, 1965. The district court held an evidentiary hearing and denied relief.

Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) held that *McCarthy,* supra, was not retroactive and applied only to pleas entered after April 2, 1969, the date of *McCarthy.* Castro v. United States (9 Cir. 1968) 396 F.2d 345, held that *Heiden,* supra, was not retroactive and did not apply to pleas entered before November 2, 1965, the date of *Heiden.*

The trial court found that there was compliance with Rule 11 as it read in 1965; that the court before accepting the plea ascertained the plea was voluntary and that the appellant, at the time of entering the plea, knew the applicable penalties for the offenses of first and second degree murder. The court was not required to advise him of penalties for all lesser included offenses.

The judgment is affirmed.