**Earnest NORMAN, Petitioner and Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 23998.**

United States Court of Appeals, Ninth Circuit.

Aug. 4, 1970.

23 L.Ed.2d 16, it appears that the rule in McCarthy v. United States was not to be applied retroactively and therefore would not apply to the conviction of Norman. This is not a case involving the violation of constitutional rights but merely a strict construction of Rule 11. Since the principal case of the appellant is not applied retroactively, the denial of the application for writ of coram nobis is affirmed.

David L. Ludvigson, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and POWELL, District Judge.

PER CURIAM.

■ This appeal from a denial of an application for a writ of coram nobis relies on McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. It appears from McCarthy that a full compliance with Rule 11, Federal Rules of Criminal Procedure, is required and that there must be a definite record made showing the plea of guilty was entered knowingly and understandingly and voluntarily.

■ Here Mr. Norman was not advised of the nature of the charge or the possible maximum penalties. He entered a plea of guilty solely as requested. He now asks that this court make the rule in McCarthy v. United States retroactive.

Under the rule of Halliday v. United States, 394 U.S. 831, 833, 89 S.Ct. 1498,