**1206**

Clarence Melvin **MINOR**, Petitioner,

v.

**UNITED STATES** of America,
Respondent.

Nos. 17655-1, 17683-1.

United States District Court,
W. D. Missouri, W. D.

Sept. 17, 1970.

Clarence Melvin Minor, pro se.

Bert C. Hurn, U. S. Atty., Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

### MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

The files and records of this Court show that the Section 2255 movant in the above pending cases has been earlier before this Court in 1966 and 1967 in extended proceedings pursuant to Rule 35 in Case No. 15886-1 and an earlier Section 2255 motion in Case No. 18999. On September 4, 1969, the movant *pro se* filed one of the pending Section 2255 motions. Still another Section 2255 motion was filed by the movant *pro se* on September 19, 1969. Those cases were consolidated by our order of September 3, 1970.

The files and records will show considerable correspondence between the movant and his appointed counsel and correspondence between the Court, the movant, and movant's appointed counsel, relating to whether or not a further evidentiary hearing should be held in connection with the pending motions.

On September 11, 1970, the Court received a letter from the movant dated September 4, 1970 in which he explicitly stated that "since I have had a hearing, I cannot feel that another is needed * * *." He also stated that "if the Court wants to give me a hearing, which I don't need, I ask the Court to appoint me counsel."[1] That letter, together

---

1. On September 10, 1970, movant wrote Mr. Willard Bunch of the Kansas City Legal Aid and Defenders Society stating that he was in "need of legal help" because of "the run around I am getting from the Court." A copy of that letter to Mr. Bunch will be placed in the court file in order that the files and records fully reflect all of movant's recent complaints.

with others in the court file, demonstrate that the petitioner firmly believes that he is entitled to relief on the basis of hearings and proceedings held earlier in connection with motions filed pursuant to Rule 35 and Section 2255 in Cases No. 15886–1 and 18999, respectively.

The files and records in those cases establish that an extensive plenary evidentiary hearing was held in connection with movant's earlier motions on September 7, 1966. Thereafter the Court entered a memorandum and order dated June 1, 1967 in which, for reasons fully stated, the sentence imposed by Judge (later Justice) Whittaker on October 22, 1954 was ordered vacated and set aside. No action was taken in regard to the judgment of conviction which had been entered on movant's plea of guilty.

Thereafter, on June 5, 1967, movant was brought before the Court for resentencing and for further proceedings consistent with Rule 32(a) of the Rules of Criminal Procedure. After granting allocution, the Court imposed sentence under Section 4208(b) of Title 18 of the United States Code in order to obtain the recommendation of the Director of the Bureau of Prisons.

Movant was returned to the Court for imposition of final sentence on November 1, 1967, a 90 day extension having been granted upon the written request of the Bureau of Prisons to extend the period of observation and study to a period of 120 days. Allocution was again granted and, for reasons fully stated, a new sentence was imposed for a term of 45 years under Section 4208(a) (2) of Title 18 of the United States Code.

At the time petitioner was finally sentenced on June 5, 1970, counsel for the movant, who was commended in open court for "the exemplary service rendered by appointed counsel for the defendant," appropriately reserved movant's right to raise any question which related to the validity of movant's plea of guilty rather than as to the sentence, in a new Section 2255 motion, it being agreed that the then pending Section 2255 motion would be dismissed without prejudice in order that the case could be cleared from the docket. The Court made inquiry of the movant as to whether he understood the procedure. Movant explicitly stated that he did. The Court stated at the conclusion of the final sentencing proceedings that movant would have the right in the future to raise any of the questions not reached in the earlier proceedings held in connection with Cases No. 15886–1 and 18999.

The pending Section 2255 motions, originally filed *pro se* by movant, were properly filed pursuant to the leave granted at the close of the earlier cases. Those motions have been carefully reviewed by his appointed counsel and the files and records reflect the extended correspondence between movant and his appointed counsel concerning those motions which included the discussion of whether or not the movant wished to adduce any additional evidence.

In light of that correspondence, the sworn testimony given by the movant at the September 7, 1966 plenary evidentiary hearing, and movant's counsel insistence that no additional hearing is necessary, and in light of recently decided applicable decisions by the Supreme Court of the United States, the Court is of the opinion that it should rule the pending motions on the files and records of this case.

 Movant's testimony at the September 7, 1966 hearing establishes that the movant recalls having been counseled by his appointed attorney. He, of course, also testified that he had no recollection of what took place in court and attempted to convince the Court that he did not understand that he was pleading guilty to kidnapping (Tr. 79 and 84). His appointed attorney, James C. Morris, Esq., testified to the contrary and his testimony establishes that movant was properly counseled and that he had the benefit of effective assistance of counsel. We expressly state that we do not believe movant's testimony and that we do believe Mr. Morris' testimony.

 There is no real question that the requirements of Rule 11 of the Federal Rules of Criminal Procedure were not complied with at the time movant's plea of guilty was accepted. See McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). But this does not mean that the plea was not a voluntary plea. And it is clear that *McCarthy* is to be only applied prospectively from April 2, 1969, the date of that decision. See Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

 Application of principles enunciated in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) requires, under the facts and circumstances, as we find them, that movant's pending Section 2255 motions be denied. *Brady*, as does this case, involved a situation in which a guilty plea to the Lindberg Act was accepted before the Supreme Court's affirmance of United States v. Jackson in 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). Movant's plea of guilty in this case, like the plea in *Brady*, was made after advice by competent counsel. From all the facts and circumstances established at the original postconviction plenary evidentiary hearing, we find and conclude that movant's plea of guilty was intentionally made, and that his plea was totally uninfluenced by the possibility of a death sentence for the reason movant, himself, testified that no one even told him that he was charged with kidnapping.

It is further apparent that movant could not have been influenced by any possible fear of receiving a death sentence because the evidence adduced at the plenary evidentiary hearing established "that the district attorney was not going to ask for the death penalty" (Tr. 34).

The facts and circumstances of this case convince us that movant's plea was voluntarily and intelligently made. We therefore have no reason to doubt that his solemn admission of guilt was truthfully made. Indeed, any contention to the contrary, based upon the evidence adduced, would at least border upon the frivolous. For movant at this late date to attempt to change the testimony he gave at the earlier postconviction hearing would place movant in a position where he might be charged with other offenses against the laws of the United States.

For the reasons stated, movant's pending Section 2255 motions should be and the same are hereby denied.