**Donovan Dura TRIGGS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 19918.

United States Court of Appeals, Sixth Circuit.

Jan. 14, 1971.

Herbert A. Adrine, Cleveland, Ohio (Court-appointed), for petitioner-appellant.

Jack B. Streepy, Asst. U. S. Atty., Cleveland, Ohio, for respondent-appellee; Robert B. Krupansky, U. S. Atty., Cleveland, Ohio, on brief.

Before PHILLIPS, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Appellant pled guilty on November 20, 1967, to two counts of theft of goods moving in interstate commerce, in violation of 18 U.S.C. § 659 (1964). Before accepting his pleas, the District Judge did address appellant personally to ascertain that he understood the nature of the charges, but he did not inform him of the sentences which might be imposed as a consequence of his pleas.

Appellant was sentenced to two four-year sentences to be served consecutively. Subsequently, he filed a petition to vacate sentence under 28 U.S.C. § 2255 (1964), claiming violation of his rights under Rule 11 of the Federal Rules of Criminal Procedure. The District Judge denied his petition without hearing and appellant appeals.

The pleas taken in this case preceded the effective date of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which has now been held not to be retroactive in effect. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). But appellant's pleas and sentences followed the 1966 amendments to Rule 11 which added the requirement that the District Judge determine that the plea is made "with understanding of * * * the consequences of the plea."

Further, inspection of appellant's petition for vacation of sentence convinces

us that it must be read as contending that he pled guilty without actual knowledge of what sentences could be administered under the pleas he entered. If such were the facts, the pleas would have to be set aside as involuntary under pre-*McCarthy* standards. Kennedy v. United States, 397 F.2d 16 (6th Cir.), cert. denied, 394 U.S. 1018, 89 S.Ct. 1636, 23 L.Ed.2d 43 (1968).

The judgment dismissing appellant's petition is vacated and the case is remanded to the District Court to conduct an evidentiary hearing on the voluntariness of the pleas.