SPECTOR, Judge.
This is a habeas corpus petition seeking to set aside a guilty plea to two in-formations for larceny of an automobile and grand larceny. At the time said pleas were tendered and accepted, four other informations charging petitioner with the commission of crimes were nolle prossed.
The claim of petitioner rests on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which held that it is error to accept a guilty plea where the record does not disclose that the defendant voluntarily and understandingly entered his guilty plea. Petitioner’s reliance on Boykin is mislaid. His guilty plea was entered in 1965. Boykin was decided June 2, 1969. The Florida Supreme Court refused to apply Boykin retroactively in Johnson v. Wainwright, Fla., 238 So.2d 590, decided July 13, 1970. In Odle v. State, 241 So.2d 184 (Fla.App.1970), the court held Boykin not to be entitled to> retroactive application relying on Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed. 2d 16 (1969); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and a host of authorities from other jurisdictions.
Since the guilty plea in the case at hand was pre-Boykin, it is unaffected by that decision.
Petitioner’s reliance upon the provisions of Rule 1.170, Florida Rules of Criminal Procedure, 33 F.S.A., is equally unavailing since the plea also antedates the adoption of the rule.
Petition denied.
WIGGINTON, Acting C. J., and Carroll, Donald, J., concur.