**Furman Gary MOON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 20657.**

United States Court of Appeals, Sixth Circuit.

April 7, 1971.

Furman Gary Moon, in pro. per.

John L. Bowers, Jr., U. S. Atty., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for appellee.

Before WEICK, EDWARDS and BROOKS, Circuit Judges.

PER CURIAM.

Appellant Moon and two confederates were indicted on a one-count indictment charging them with kidnapping and transporting a young man and girl from South Carolina to Tennessee. Counsel were appointed for them. At their arraignment they each entered a plea of guilty and the Court referred the case to its probation department for presentence investigation. After the presentence investigation was completed and the investigation report was made to the Court, each of the defendants at the sentencing hearing was sentenced to twelve years' imprisonment.

Moon filed a motion to vacate sentence under Section 2255, about a year and one-half later. In the motion he alleged: 1) that the Court did not comply with Rule 11, Fed.R.Crim.P., as required by McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); and 2) that in sentencing him the Court took into account the probation report and talks which the Court had with the probation officers which were not made a part of the record.

In its order denying the motion to vacate sentence, the Court detailed the happenings at both the arraignment and the sentencing. Before accepting the pleas of guilty, the Judge read the indictment to the defendants in the presence of their attorneys, and informed them of the statutory penalties. He inquired whether their pleas of guilty were voluntary and whether they were in fact guilty, and he satisfied himself that the pleas were in fact voluntary.

Subsequently, when the defendants appeared in Court with counsel for sentencing, the Court went into great detail with the facts of the case which clearly established that there was basis for acceptance of the guilty pleas. In sentencing the defendants, the Court did address each defendant and question him with respect to matters in the probation reports, and asked whether the facts therein were true.

It appeared therefrom that prior to the kidnapping, the defendants had robbed a hardware store in South Carolina and had stolen guns; that at the point of a revolver they forcibly took the automobile of the kidnap victims and drove them to Tennessee; and that Moon and another of the defendants had criminal records. Receipt by the Court of the probation report and the talk between the Court and the probation officers was subsequent to the pleas of guilty.

This case arose prior to McCarthy, which is not retroactively applied. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

The record clearly shows that Moon's plea of guilty was voluntary and that the procedures in force prior to *McCarthy* were complied with by the Court at the hearings.

Affirmed.