**Robert BARBER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71-1304.**

United States Court of Appeals, Tenth Circuit.

March 13, 1972.

Rehearing Denied April 3, 1972.

Robert B. Booz, Lakewood, Colo., for petitioner-appellant.

Floy E. Dawson, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., on the brief), for respondent-appellee.

Before LEWIS, Chief Judge, HOLLOWAY and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Robert Barber appeals from denial of his application under 28 U.S.C. § 2255 to set aside his judgment of conviction following his guilty plea on May 11, 1959, to five counts of conspiracy, possession of narcotic drugs and sale of narcotic drugs.

This court considered a similar application filed by Barber and there held

that his plea was made voluntarily and with understanding of the nature of the charge. Barber v. United States, 427 F.2d 70 (10th Cir.1970), cert. denied 400 U.S. 867, 91 S.Ct. 108, 27 L.Ed.2d 106 (1970). Barber did not raise the contention there, as he does here, that failure on the part of the trial judge or of his counsel to inform him of his ineligibility for parole prior to his guilty plea rendered that plea involuntary.

Barber correctly contends that in those cases where parole is prohibited by statute, the Court must inform a defendant of this fact before accepting a guilty plea, inasmuch as ineligibility for parole is a "consequence of the plea". We so held in Jenkins v. United States, 420 F. 2d 433 (10th Cir.1970). The record before us does not indicate that the Court informed Barber of his ineligibility for parole. At issue is whether *Jenkins* applies retroactively or prospectively.

At the time of Barber's plea, Rule 11 of the Federal Rules of Criminal Procedure required only that a plea of guilty shall not be accepted without first determining "that the plea is made voluntarily and with understanding of the charge". The rule did not expressly require that such plea shall not be accepted without a prior determination that the defendant further understands "the consequences of the plea". The words "the consequences of the plea" were added with the amendments to Rule 11, effective July 1, 1966.

In McCarthy v. United States, 394 U. S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Court held that a defendant was entitled to plead anew if his guilty plea was accepted without compliance with the stricter requirements of Rule 11, as amended. Later, in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), the Court declined to apply *McCarthy* retroactively, holding that it applied only to guilty pleas accepted after April 2, 1969, the date that *McCarthy* was decided.

■■ We accordingly hold that *Jenkins, supra* shall not be applied retroac-

tively. This determination requires rejection of Barber's motion to set aside his conviction based solely on his complaint that the district court failed to inform him of his ineligibility for parole. Considering all of the circumstances, we adhere to the rule laid down in Stephens v. United States, 376 F.2d 23 (10th Cir. 1967), cert. denied 389 U.S. 881, 88 S.Ct. 124, 19 L.Ed.2d 176 (1967), that failure by the sentencing judge to fully comply with the strict requirements of Rule 11 is not fatal to the entry of the plea. *Jenkins* applies only to those guilty pleas made after April 2, 1969.

Affirmed.