**UNITED STATES of America,**
**Plaintiff,**

v.

**CASANOVA'S, INC., a corporation,**
**Defendant.**

**No. 66–CR–137.**

United States District Court,
E. D. Wisconsin.

Nov. 20, 1972.

David J. Cannon, U. S. Atty., Milwaukee, Wis., for plaintiff.

Jack J. Gimbel and Seymour Gimbel, Milwaukee, Wis., for defendant.

OPINION AND ORDER

REYNOLDS, Judge:

This action was brought by the United States against John Casanova and Casanova's, Inc., for possessing firearms which had not been registered with the Secretary of the Treasury or his delegate, as required by Title 26 U.S.C. § 5841; in violation of Title 26 U.S.C. § 5851. Both defendants originally pleaded "not guilty" but on September 6,

1967, the court allowed Casanova's, Inc., to change its plea to "guilty" and the charges against John Casanova were dismissed. On May 16, 1968, Casanova's, Inc., was fined $100 for each of five counts or a total of $500.

The matter is before the court now on defendant's motion requesting permission to withdraw its guilty plea and asking the court to set aside its judgment. Defendant alleges that it is entitled to relief under Title 28 U.S.C. § 2255 because it was unaware of the consequences of its plea at the time it was entered. Specifically, it did not know that its license to sell firearms would be revoked and that neither it nor a successor corporation could attain a new license because of the conviction. The defendant alleges that the inability to get a license has resulted in the loss of its business valued in excess of $400,000.

In order for the court to allow the defendant to withdraw his guilty plea after sentencing, it must be convinced that the plea was involuntary or that a denial of permission would cause "manifest injustice." Fed.R.Crim.P. 32(d). After 1969, the failure of a court to satisfy the requirements of Rule 11, Fed. R.Crim.P., as they were defined in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), would allow a defendant to withdraw his guilty plea. *McCarthy*, however, applies only prospectively and is not relevant to the case at hand. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

The first question to be decided by the court is whether Casanova's, Inc.'s, failure to understand that a conviction for the particular felony would result in the loss of its license, and an inability to get a new one, rendered the plea involuntary. Some courts have held that defendants need not be informed of any collateral issues. *See e. g.*, French v. United States, 408 F.2d 1027, 1028 (5th Cir. 1969). Others have held that defendants must be aware of some of the collateral effects of his plea. The Second Circuit Court of Appeals discussed the treatment of this issue by various courts in Bye v. United States, 435 F.2d 177 at 179, 180 (2nd Cir. 1970). It concluded that a defendant must be aware of the result of a guilty plea on his chances for probation before a court accepts the plea. However, it lists the following as collateral issues which courts have held a defendant need not be advised of prior to entering a guilty plea:

1. The loss of a passport and freedom to travel.

2. The possibility of being dishonorably discharged from military service.

3. The right to vote.

4. The possibility of deportation if the defendant is an alien.

■■ This court concludes that a defendant must be aware of any penalty which a court might impose. Knowledge of collateral consequences of a guilty plea is not necessary to render a guilty plea voluntary. The loss of a license to operate a business falls within this latter category. While the defendant might lose the right to operate a business worth a great deal of money, this court cannot conclude that this is a more serious deprivation than the loss of the right to vote or receiving a dishonorable discharge. In short, the court finds, after reviewing the record, that Casanova's, Inc., was aware of the charges against it and the nature and magnitude of the penalty the court might impose. Under these circumstances the court must find the plea to have been voluntary.

■ The remaining issue is whether the refusal to allow the defendant to withdraw its guilty plea will result in "manifest injustice." The court does not feel that this is the case. The regulation and control of weapon traffic in the United States is extremely important. Congress has considered this important enough to deny those who do not abide by the registration laws the right to deal in weapons.

It is therefore ordered that defendant's motion to be allowed to withdraw its guilty plea and to have the judgment set aside be and it hereby is denied.