BOYER, Chief Judge.
Although appellant raises several points on appeal, only one, relating to the volun-tariness of his guilty plea, merits discussion. Appellant was initially tried and convicted of first degree murder and received the death penalty. His conviction was reversed and remanded for a new trial by the Florida Supreme Court. Reddish v. State, Sup.Ct.Fla.1964, 167 So.2d 858. On November 23, 1964, appellant appeared before the trial court with his privately retained counsel and entered guilty pleas to two separate counts of first degree murder and to the charge of shooting into a dwelling. The next day appellant again appeared before the trial court with his counsel and received two life sentences on the murder charges and a 10 year sentence for shooting into a dwelling, all sentences to be served consecutively. The trial court directed certain questions to appellant on November 23 and 24, which were responded to by appellant’s private counsel, appellant himself making no response. Some nine years after entering his pleas, appellant filed a Rule 3.850 motion to vacate and set aside the judgment and sentence which the trial court denied. It is from the denial of that motion that appellant now appeals.
We are of the view that this case is controlled by Rodeheaver v. Wainwright, Fla.App. 1st 1971, 245 So.2d 633, and must be
AFFIRMED.
*16 McCORD, J., concurs.
RAWLS, J., specially concurs.